**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RITA FLOYD,

    Petitioner,

v.                                  No. CV 10-0808 RB/KBM

GARY K. KING,
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Petitioner's "Order To Vacate And Rescind Extradition" and Respondent's answer thereto. The Court has construed Petitioner's "Order" as a petition for writ of habeas corpus seeking to prevent Petitioner's extradition to California. Respondent has answered, asking the Court to dismiss the petition.

Petitioner makes almost no factual allegations in support of the relief that she seeks. She appears to ask that any request by the State of California made after September 10, 2010, be treated as if California had waived its right to extradite Petitioner. In its answer, Respondent alleges that Petitioner has completed her New Mexico sentence but remains in custody awaiting extradition to California. Respondent further alleges that Petitioner has not exhausted state court habeas corpus remedies nor challenged extradition in state court. On these facts, Respondent contends that federal habeas corpus relief is not available to Petitioner.

Petitioner has presented no grounds for the relief she seeks. In a similar habeas corpus proceeding filed recently by a Colorado prisoner facing extradition to California, the District Court provided instructive analysis:

> Mr. Wilson does not assert any claims directly challenging the validity of either his Colorado convictions and sentences or his California convictions and sentences. . . .
> . . . There is no question that Mr. Wilson is in custody. However, he fails to demonstrate that his custody is illegal as a result of the California detainer . . . based on additional sentences already imposed on him in California. . . .
> . . . Mr. Wilson is not entitled to relief in this action because he . . . makes no claim in this action challenging the validity of the California convictions and sentences. Furthermore, the Court must presume that the California convictions are valid. *See Parke v. Raley*, 506 U.S. 20, 29-30 (1992) (noting the "presumption of regularity" that attaches to final judgments). Therefore, because Mr. Wilson fails to demonstrate that the California detainer, which is based on the presumptively valid California convictions and sentences, is not valid, the habeas corpus application must be denied.

*Wilson v. Ritter*, No. 09-cv-01893-BNB, 2009 WL 2496339, at *2 (D. Colo. Aug. 12, 2009). As in the Colorado case, Petitioner has failed to demonstrate that the detainer against her is not valid or that she may not legally be extradited. The Court will dismiss the petition.

IT IS THEREFORE ORDERED that Petitioner's "Order To Vacate And Rescind Extradition," construed herein as a petition for writ of habeas corpus, filed on August 27, 2010, is DISMISSED with prejudice; pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE